## RAMSEUR v. WHELCHEL.

1. COUNTY SUPERVISOR—PHYSICIAN.—FINDING BY MAGISTRATE that a county supervisor was individually liable for instructing a physician to care for an injured man, affirmed.

2. ACCOUNTS—CLAIMS.—One person cannot sue for claims due others without purchasing them or having them assigned.

Before DANTZLER, J., Cherokee, March, 1903.    Modified.

Action by D. S. Ramseur against J. V. Whelchel, in magistrate court.    From order of Circuit Court affirming magistrate's judgment, defendant appeals.

10—70.

*Messrs. Butler & Osborne,* for appellants, cite: *Error of law in Circuit Judge on appeal may be corrected:* 41 S. C., 166. *Presumption is that public agent does not intend to bind himself:* 59 S. C., 438. *It is error of law to make a finding not supported by some evidence:* 57 S. C., 289; 66 S. C., 76. ·

*Mr. N. W. Hardin,* contra, cites: *Finding by magistrate affirmed on Circuit cannot be reviewed here:* 35 S. C., 609. *Point decided and not excepted, is final:* 38 S. C., 132; 40 S. C., 17, 533; 36 S. C., 551. *As to object of exceptions:* 30 S. C., 170; 43 S. C., 99. *Act done by public officer with no intent to bind government, must be binding on him:* 50 S. C., 438; 22 Barb., 611; 2 Black., 442; Cow., 754.

November 15, 1904. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The plaintiff brought his action in the magistrate's court of Cherokee County, in this State, to recover $91.15, and costs. The claim embraced the following items:

1. For $50 for surgical operation by D. S. Ramseur on Alexander Craig (col.), amputation of both legs and attention to head.

2. For $25 favor Dr. J. T. Darwin for assisting in above operation.

3. For medicine furnished for Alexander Craig by Cole and Turner, $2.15.

4. For lodging for said Craig furnished by Grace Jolly, $8.

5. For burial expenses of said Craig favor Henry Cherry, $5.

6. For nursing said Craig one night by Dave Alexander, $1.

The testimony showed that each claimant had sued for himself before the county commissioners, and each lost, as

claims against Cherokee County. Thereafter, plaintiff sued without having paid or having the claims assigned to him.

The magistrate rendered judgment in favor of plaintiff. An appeal was taken by defendant, which came on to be heard by Judge Townsend, who overruled all grounds of appeal and affirmed the magistrate's judgment.

The defendant now appeals to this Court on the following grounds, to wit:

"It is respectfully submitted that his Honor, the presiding Judge, erred in the following particulars:

"1. In not sustaining defendant's first ground of appeal, as follows: 'Because the magistrate erred in not sustaining the defendant's motion for a nonsuit, it appearing from plaintiff's evidence that there was no liability upon defendant individually in this action, and the contract, if any, was with him as an official, and the magistrate should have so held.' It being respectfully submitted that the magistrate erred in said ruling, and the Circuit Judge should have sustained said ground of appeal.

"2. Error in not sustaining defendant's second ground of appeal, as follows: '2. Because said magistrate erred in holding, against the preponderance of the testimony, that the defendant was indebted to plaintiff in any amount whatever; it being respectfully submitted that plaintiff's testimony showed that plaintiff's contract, if any, was with the defendant as an official, and not as an individual, and, therefore, defendant was not liable to plaintiff in any amount,' and his Honor erred in not so holding.

"3. Error in finding and rendering judgment for the plaintiff for the full amount sued for, when it appeared, according to plaintiff's own testimony, that all of said claim, except the sum of $50, belonged to other parties and not to plaintiff."

1 and 2. We are satisfied from the testimony submitted that the Circuit Judge committed no error as by these grounds complained of, and they are, therefore, overruled.

3. We are satisfied that the Circuit Judge was in error in giving plaintiff judgment against the defendant for any claims except his own. Each holder of a claim is its owner, and must take care of his own rights, if any; the plaintiff is not their guardian.

It is the judgment of this Court, that the judgment must be reversed and a new trial granted, unless the plaintiff shall remit all but $50 on the judgment in ten days after the remittitur reaches the Circuit Court; and if the remittitur is so entered, then the judgment for $50 is affirmed.